UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-24117-RS

JOHN DOE,

         Plaintiff,

v.

SYNELNYK VOLODYMYR
MYKOLAYOVYCH and THE DONETSK
PEOPLE'S REPUBLIC,

         Defendants.
_____/

## MOTION FOR SERVICE BY ALTERNATIVE MEANS

Plaintiff, through undersigned counsel and pursuant to Fed. R. Civ. P. 4(f)(3), hereby files this Motion for Service by Alternative Means and states:

1. As shown in the Response to Order to Show Cause (Dkt. 6), Plaintiff has tried diligently to effectuate service on both Defendants through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") but has been unable to do so thus far. Ukraine returned the service request, noting that the documents refer to an unnamed entity that Ukraine does not recognize. That unnamed entity is the Donetsk People's Republic (the "DPR"), a Defendant in this action, which is a Russian-backed separatist group.

2. The federal rules allow for service on individuals "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Rule 4(f)'s provisions also apply to associations such as the DPR. *See* Fed. R. Civ. P. 4(h)(2) (allowing service on associations "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).")

3. Concerning the DPR, which is located in the Russian-occupied territory of Donetsk, Ukraine, Ukraine has excepted the Donetsk region from its Hague Convention service obligations. *See* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=426&disp=resdn and https://zakon.rada.gov.ua/laws/show/z1668-22#Text.

4. Luckily, however, the DPR maintains an online presence and can be reached through electronic means. These include the social media page of its leader, Denis Pushilin, on VK.com, the Russian equivalent to Facebook (*see* https://vk.com/pushilindenis) and the official e-mail address of the Representative Office of the Russian Foreign Ministry in Donetsk: donestk@mid.ru.

5. Electronic service is a recognized means of alternative service. *See* Mem. Endorsed Order, *Democratic Nat'l Comm. v. Russian Federation*, No. 18-cv-03501 (S.D.N.Y. Aug. 6, 2018), Dkt. 156, attached hereto as Exhibit A (approving service by Twitter against organization that disseminated leaked information through Twitter); *St. Francis Assisi v. Kuwait Fin. House*, No. 16-cv-3240, 2016 WL 5725002, at *1 (N.D. Cal. Sept. 30, 2016) (approving service through Twitter where the defendant had used Twitter to raise funds for terrorist organizations). The Southern District of Florida has recognized electronic service as a reasonable alternative in light of the difficulties that arise when trying to give notice to a terrorist organization. *See* Order, *Doe v. ELN, et al.*, Case No. 10-cv-21517 (S.D. Fla. Nov. 20, 2013), Dkt. 162, attached hereto as Exhibit B (permitting notice of execution proceedings to defendant F.A.R.C., a Colombian guerilla group active in Hague Convention member country Colombia, by e-mail).

6. Plaintiff proposes to serve the DPR through electronic means, including but not limited to the means mentioned above, and to provide the Court with proof of service.

7. Concerning Defendant Volodymyr Mykolayovych Synelnyk ("Synelnyk"), Plaintiff may still be able to effectuate Hague Convention service upon him, as it appears that Ukraine's reluctance to effectuate Hague Convention service upon him is not as strong as it is for the DPR. But if Ukraine will not effectuate Hague Service upon Synelnyk, Plaintiff may be able to serve him personally at the prison where he is serving his sentence for his role in the terrorist attack. Fed. R. Civ. P. 4(f)(2)(C)(i) authorizes personal delivery upon an individual in a foreign country "if there is no internationally agreed means" such as the Hague Convention available. Fed. R. Civ. P. 4(f)(2).

8. Plaintiff requests that the Court authorize service by personal delivery upon Defendant Synelnyk in the event that Plaintiff is unable to serve him through the Hague Convention.

**Wherefore** Plaintiffs respectfully request an order authorizing service of process on the Defendants according to the means described herein.

Dated: February 10, 2026

Respectfully submitted,

*/s/ John Thornton*
John Thornton
Florida Bar No. 004820
**do Campo & Thornton, P.A.**
150 S.E. 2nd Avenue, Suite 602
Miami, FL 33131
(305) 358-6600
jt@dandtlaw.com

*s/Seth Miles*
Seth Miles, Esq.
Florida Bar No. 0385530
seth@bucknermiles.com
**Buckner + Miles**

3

>2020 Salzedo Street, Suite 302
>Coral Gables, Florida 33134
>Telephone: 305.964.8003
>Facsimile: 786.523.0485
>
>s/ *Orlando do Campo*
>Orlando do Campo
>Florida Bar No. 0156582
>od@dandtlaw.com
>**do Campo & Thornton, P.A.**
>Chase Bank Building
>150 S.E. 2nd Avenue, Ste. 602
>Miami, Florida 33131
>Telephone: (305) 358-6600
>Facsimile: (305) 358-660
>
>s/ *Daniela Jaramillo*
>Daniela Jaramillo
>Florida Bar No. 1002266
>dj@dandtlaw.com
>**do Campo & Thornton, P.A.**
>Chase Bank Building
>150 S.E. 2nd Avenue, Ste. 602
>Miami, Florida 33131
>Telephone: (305) 358-6600
>Facsimile: (305) 358-6601

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 10, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>s/ *John Thornton*
>John Thornton